USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-7-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID R. LESPIER,

                Plaintiff,

- against -

NEW YORK STATE ARMY NATIONAL
GUARD, et al.,

                Defendants.

**REPORT AND RECOMMENDATION**

**10 Civ. 1754 (SHS) (RLE)**

**To the HONORABLE SIDNEY H. STEIN, U.S.D.J.:**

By Order dated October 26, 2010, *Pro Se* Plaintiff David Lespier was directed to **SHOW CAUSE** by November 12, 2010, why this case should not be dismissed. Lespier failed to respond to the Order.

For the reasons which follow, I recommend that the case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## I. PROCEDURAL HISTORY

Lespier commenced this action on March 5, 2010, bringing suit against the New York State Army National Guard ("NYSANG"). On the same day, the Honorable Loretta A. Preska, U.S.D.J., dismissed Lespier's claims against NYSANG on sovereign immunity grounds, but gave Lespier permission to file an Amended Complaint naming proper parties. On April 2, 2010, Lespier filed his First Amended Complaint, and on April 8, 2010, the case was reassigned from Judge Preska to District Judge Sidney H. Stein. On June 21, 2010, Lespier filed an application for an interlocutory appeal challenging Judge Preska's dismissal of his claims against NYSANG. Judge Stein denied this application on August 6, 2010, and Lespier appealed the denial to the

United States Court of Appeals for the Second Circuit. Lespier also wrote to Judge Stein to move for reconsideration of the denial of his appeal. Judge Stein denied the motion for reconsideration on September 27, 2010, and the Second Circuit dismissed Lespier's appeal on November 16, 2010. On September 28, 2010, in response to Judge Stein's concerns that Lespier was uncertain as to how to proceed in this case, this Court ordered a pretrial conference for October 12, 2010. Lespier failed to attend that conference, and attempts to contact him since then have been unsuccessful. No defendants have ever been served in this case.

## II. ANALYSIS

A plaintiff has an obligation to diligently prosecute his case. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *see also Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993). "For failure of the plaintiff to prosecute or to comply with [. . .] any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). Even in the absence of a motion by defendant, a district court has the inherent power to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). Such authority is governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31.

In the instant case, the record indicates that in failing to serve any defendants or respond to orders from the Court, Lespier has failed to pursue his claim. He has failed to comply with this Court's order directing him to show cause why his complaint should not be dismissed, and has failed to otherwise contact the Court. Therefore, the Court concludes that Lespier's noncompliance warrants dismissal of the action.

## III. CONCLUSION

For the reasons above, I recommend that the case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to ths Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 1010, and to the chambers of the undersigned, Room 1970. Failure to file timely objects shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

Dated: December 7, 2010
New York, New York

Respectfully Submitted,

*/s/ Ronald L. Ellis*

The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Report and Recommendation were sent to:
*Pro Se* Plaintiff
David R. Lespier
11 Barcelow Street
P.O. Box 639
Port Jervis, NY 12771

3